IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD LONG,

        Plaintiff,                    No. 2:11-cv-2548 TLN DAD P

    vs.

D. MINER et al.,

        Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

                               /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendants McLean, Martinez, and Miner. Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on an amended complaint against defendants Housley, McLean, Martinez, Miner, and Williams.[1] Therein, plaintiff alleges that he suffers from rheumatoid arthritis and has not received adequate medical care for his condition. Plaintiff alleges that he complained about his medical care through the administrative grievance process

---

[1] Defendant Williams is represented by separate counsel and is not a party to this motion. Defendant Houseley has yet to appear in this action.

1

but received no appropriate relief.  Plaintiff claims that the defendants have violated his rights under the Eighth Amendment.  In terms of relief, plaintiff requests an award of monetary damages.  (Am. Compl. at 3 & Attach. 1-14.)

**THE PARTIES' ARGUMENTS**

In the pending motion to dismiss, defense counsel argues that plaintiff's complaint fails to state a cognizable claim against inmate appeal coordinator defendants McLean, Martinez, and Miner because plaintiff has no separate constitutional right to a prison grievance or appeal system and, at most, plaintiff has alleged a difference of opinion with defendants as to the medical treatment he believes he needed.  Counsel also argues that the moving defendants are entitled to qualified immunity because they promptly reviewed and responded to plaintiff's inmate grievances and did not violate his constitutional rights.  Finally, counsel argues that plaintiff's state law negligence claim does not allege the involvement of any of the defendants and should be dismissed without prejudice to plaintiff's re-filing of a complaint in state court.  (Defs.' Mot. to Dismiss at 4-6.)

In opposition to the pending motion, plaintiff argues that his complaint states a cognizable claim against the appeal coordinator defendants because he has specifically alleged that those defendants failed to schedule medically necessary appointments for him.  Plaintiff also argues that the named defendants are highly-trained medical professionals yet delayed, interfered with, and denied him medical care, so they should not be able to escape liability through qualified immunity.  Finally, plaintiff argues that he "obviously implied" that his state law negligence claim was directed at the defendants he named in the complaint.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-7.)

**APPLICABLE LEGAL STANDARDS**

I. <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720

F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  See also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide a framework for a complaint, they must be supported by factual allegations.").

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. Eighth Amendment and Adequate Medical Care

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  The "unnecessary and wanton infliction of pain"

3

1  constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley
2  v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);
3  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel
4  and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good
5  faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."
6  Whitley, 475 U.S. at 319.

7  What is needed to show unnecessary and wanton infliction of pain "varies
8  according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S.
9  1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim the
10 plaintiff must allege and ultimately show that objectively he suffered a "sufficiently serious"
11 deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-
12 99 (1991). The plaintiff must also allege and show that subjectively each defendant had a
13 culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511
14 U.S. at 834.

15 It is well established that "deliberate indifference to serious medical needs of
16 prisoners constitutes 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104;
17 McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX
18 Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). In general, deliberate
19 indifference may be shown when prison officials deny, delay, or intentionally interfere with
20 medical treatment, or may be shown by the way in which prison officials provide medical care.
21 Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a
22 prisoner's civil rights have been abridged with regard to medical care, however, "the indifference
23 to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical
24 malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d
25 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).
26 /////

III. Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). When a court is presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001).

The United States Supreme Court has held that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." Pearson v. Callahan, 555 U.S. 223, 236 (2009). In this regard, if a court decides that plaintiff's allegations do not make out a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. Likewise, if a court determines that the right at issue was not clearly established at the time of the defendant's alleged misconduct, the court may end further inquiries concerning qualified immunity at that point without determining whether the allegations in fact make out a statutory or constitutional violation. Pearson, 555 U.S. 236-242.

"A government official's conduct violate[s] clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, ___U.S.___, ___,131 S. Ct. 2074, 2083 (2011) (quoting Anderson v. Creighton, 483 U.S. 635 (1987)). In this regard, "existing precedent must have placed the statutory or constitutional question beyond debate." Id. See also Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) ("The proper inquiry focuses on . . . whether the state of the law [at the relevant time] gave 'fair warning' to the officials that their conduct was unconstitutional.") (quoting Saucier, 533 U.S. at 202). The inquiry must be undertaken in light of the specific context of the particular

case.  Saucier, 533 U.S. at 201.  Because qualified immunity is an affirmative defense, the burden of proof initially lies with the official asserting the defense.  Harlow, 457 U.S. at 812.

### ANALYSIS

The court will address each of the defendants' arguments in turn.  First, the court finds that plaintiff's complaint states a cognizable claim for relief against appeal coordinator defendants McLean, Martinez, and Miner.  Defense counsel is correct that inmates have no separate constitutional right to a prison grievance or appeal system.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  However, plaintiff has not merely complained that the defendants improperly reviewed or denied his inmate appeals.  Rather, plaintiff has specifically alleged that he put these defendants on notice through the inmate grievance process that he had rheumatoid arthritis, an ongoing serious medical condition, and was not receiving adequate medical care for the condition.  (Am. Compl. at 1-5, 12 & 14.)  Plaintiff has also specifically alleged that the named defendants' responses to his inmate appeals amounted to refusals to schedule medically necessary appointments for him for more than eleven months.  (Id.)  If plaintiff proves these allegations to be true, he has a reasonable opportunity to prevail on the merits of this action.  See Estelle, 429 U.S. at 104-05 (deliberate indifference may manifest "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); see also Uriarte v. Schwarzenegger, No. 06cv1558-MMA (WMC), 2011 WL 4945232 at *6 (S.D. Cal. Oct. 18, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and that their denial therefore constituted deliberate indifference."); Kunkel v. Dill, No. 1:09-cv-00686-LJO-SKO PC, 2010 WL 3718942 at *1 (E.D. Cal. Sept. 15, 2010) ("Plaintiff, here, has alleged sufficient facts that plausibly support the conclusion that Defendant Pfeiffer, despite having no medical training, was aware

1  that the denial of Plaintiff's administrative appeal requesting medical treatment exposed Plaintiff
2  to an excessive risk of harm."); Herrera v. Hall, No. 1:08-cv-01882-LJO-SKO PC, 2010 WL
3  2791586 at *4 (E.D. Cal. July 14, 2010) ("[I]f there is an ongoing constitutional violation and the
4  appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff
5  may be able to establish liability by alleging that the appeals coordinator knew about an
6  impending violation and failed to prevent it.").

7           Ultimately, this case may prove to present a mere difference of opinion between
8  plaintiff and the defendants as to the appropriate medical treatment for plaintiff's condition, just
9  as defense counsel contends. If so, plaintiff will not prevail on his § 1983 claim. See, e.g.,
10 Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332
11 (9th Cir. 1996). On the other hand, plaintiff may be able to establish that this is instead a case
12 where the defendants deliberately ignored his ongoing need for medical treatment and refused
13 and/or unduly delayed scheduling medically necessary appointments for him. See Hutchinson v.
14 United States, 838 F.2d 390, 393-94 (9th Cir. 1988) (deliberate indifference may be shown when
15 prison officials deny, delay, or intentionally interfere with medical treatment); see also Jackson v.
16 Carey, 353 F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is not whether a
17 plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
18 the claims."). Accordingly, defendants' motion to dismiss plaintiff's complaint for failure to
19 state a cognizable claim for relief should be denied.

20          The court also finds that appeal coordinator defendants McLean, Martinez, and
21 Miner are not entitled to qualified immunity. Again, if plaintiff's complaint against the
22 defendants were solely based on their review and response to his administrative grievance, as
23 defense counsel characterizes it, these defendants may very well be entitled to qualified
24 immunity with respect to plaintiff's claims. However, as discussed above, the court finds that
25 plaintiff has alleged far more than that in the form of a cognizable claim for inadequate medical
26 care in violation of the Eighth Amendment. Viewing the facts alleged in the light most favorable

to the plaintiff, a reasonable jury could conclude that these defendants were deliberately indifferent to his serious medical needs.  Moreover, although defense counsel does not address the "clearly established" prong of the qualified immunity analysis in the pending motion, the court observes that by 2007, the time of the alleged constitutional violations in this case, "the general law regarding the medical treatment of prisoners was clearly established," and "it was also clearly established that [prison staff] could not intentionally deny or delay access to medical care."  Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002).  In this regard, appeal coordinator defendants McLean, Martinez, and Miner should have known that failing to schedule medically necessary appointments for plaintiff would violate the Eighth Amendment.  Accordingly, defendants' motion to dismiss plaintiff's complaint based on the affirmative defense of qualified immunity should be rejected as well.

        Finally, the court agrees that plaintiff's complaint fails to state a cognizable state law claim for negligence against appeal coordinator defendants McLean, Martinez, and Miner.  See Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (discussing the elements of a negligence cause of action).  As defense counsel observes, plaintiff has attached to his amended complaint a general description of what he believes is the state law tort of negligence.  However, plaintiff has not alleged with any factual specificity how or why the named defendants' conduct in this case was negligent.  In fact, the only defendants plaintiff mentions in this attachment to his amended complaint are defendants Tseng, Zadeh, and Heffner.  However, these individuals are not named as defendants in plaintiff's negligence cause of action.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  As noted above, however, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a

/////

cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id.

Moreover, the court notes that plaintiff has not pled compliance with the Government Claims Act ("GCA"). See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (state law claims are subject to dismissal for failure to comply with GCA's claim presentation requirement). Under the GCA, a claimant may not maintain a state law tort cause action for damages against a state employee unless he has first presented a written claim to the state Victim Compensation and Government Claims Board, and the Board has acted on it. See Cal. Gov't. Code §§ 905, 905.2, 945.4, & 950.2. It does not appear that plaintiff has submitted a written claim to the Board as required. Nor would plaintiff be able to submit a claim at this late stage because his negligence claim accrued six years ago and would be subject to dismissal in any event. See id. § 911.2 (a claimant must have submitted any such claim "not later than six months after the accrual of the cause of action.").[2] Accordingly, defendants' motion to dismiss plaintiff's negligence claim should be granted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Doc. No. 18) be granted in part and denied in part as follows:

1. Defendants' motion to dismiss plaintiff's complaint for failure to state a cognizable claim for relief against appeal coordinator defendants McLean, Martinez, and Miner be denied;

2. Defendants' motion to dismiss based on the affirmative defense of qualified immunity be denied;

3. Defendants' motion to dismiss plaintiff's negligence claim be granted; and

---

[2] If plaintiff believes he is able to cure the defects of his negligence claim, he may file objections to these findings and recommendations and clarify for the court what his negligence claim is, including who it is directed at, and whether he has complied with the GCA claims presentation requirement.

   4. Defendants McLean, Martinez, and Miner be directed to file an answer to plaintiff's amended complaint within thirty days.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

DATED: May 28, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
long2548.57