1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD LONG,                          No.  2:11-cv-2548 TLN DAD P

12                Plaintiff,

13        v.                               ORDER

14   D. MINER et al.,

15                Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  Pending before the court are several motions filed by the parties.

19        First, defendants have filed a motion to strike plaintiff's notice of change of address as

20   false and to reinstate the undersigned's December 10, 2013 findings and recommendations,

21   recommending that this action be dismissed due to plaintiff's failure to prosecute.  By way of

22   background, on December 9, 2013, defense counsel filed a request to dismiss this action based on

23   plaintiff's failure to keep the court and opposing counsel advised of his current address.  (Doc.

24   No. 38)  On December 10, 2013, the court issued findings and recommendations, recommending

25   that that this action be dismissed pursuant to Local Rule 183(b).  (Doc. No. 39)  While those

26   findings and recommendations were pending, plaintiff filed a notice of change of address.  (Doc.

27   No. 40)  In the interest of justice, the court then vacated its findings and recommendations and

28   /////

                                          1

1   allowed the case to proceed in accordance with the court's discovery and scheduling order.  (Doc.

2   No. 41)

3          In their pending motion, defendants move to strike plaintiff's notice of change of address

4   as false because plaintiff represented therein that he is located at an address other than Mule

5   Creek State Prison where he is in fact currently incarcerated.  (<u>See</u> Doc. No. 40.)  Under Rule 11

6   of the Federal Rules of Civil Procedure, defense counsel contends that the court may strike

7   pleadings as a sanction for improper litigation conduct.  Plaintiff has not opposed or otherwise

8   responded to defendants' motion.

9          "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."

10  <u>Operating Engineers Pension Trust v. A–C Co.</u>, 859 F.2d 1336, 1345 (9th Cir.1988).  "[T]he

11  central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the

12  administration and procedure of the federal courts."  <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S.

13  384, 393 (1990).  Here, plaintiff acknowledges in a recent filing with the court that he is in fact

14  incarcerated at Mule Creek State Prison, but state that he would like the court and defense counsel

15  to mail documents filed in connection with this case to his legal assistant in Lancaster, California.

16  It appears that plaintiff is not familiar with the Local Rules of Court.  Under Local Rule of Court

17  183(b), "a party appearing <u>in propria persona</u> shall keep the Court and opposing parties advised as

18  to <u>his</u> . . . current address."  (emphasis added)  Under these circumstances, the court will deny

19  defendants' motion to strike.  However, the court will order plaintiff to file a notice of change of

20  address that reflects <u>his</u> current address at Mule Creek State Prison.  Plaintiff is advised that the

21  court requires service of all filings in this action at his current address because of the delays and

22  difficulties that arise when inmates attempt to communicate with each other and/or with

23  unincarcerated individuals.

24         Also pending before the court is plaintiff's motion for an extension of time to conduct

25  discovery.  Under Rule 16 of the Federal Rules of Civil Procedure, the court may modify the

26  scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard

27  "primarily considers the diligence of the party seeking the amendment."  <u>See</u> <u>Johnson v.</u>

28  <u>Mammoth Re-creations</u>, 975 F.2d 604, 608 (9th Cir. 1992).  In this regard, the court may modify

1   a scheduling order deadline "if it cannot reasonably be met despite the diligence of the party

2   seeking the extension."  Id.

3       In his motion, plaintiff acknowledges that the court's discovery and scheduling order

4   required the parties to complete discovery on or before December 20, 2013.  Plaintiff has not

5   explained why he seeks to re-open discovery in this action.  Nor has plaintiff shown good cause

6   to modify the scheduling order as required.  See Zivkovich v. Southern California Edison Co.,

7   302 F.3d 1080, 1087 (9th Cir.2002) ("If the party seeking the modification 'was not diligent, the

8   inquiry should end' and the motion to modify should not be granted.").  Accordingly, the court

9   will deny plaintiff's motion for an extension of time to conduct discovery.

10      Finally, the court observes that, under the court's discovery and scheduling order, the

11  parties were required to file all pretrial motions on or before March 14, 2014.  Neither party has

12  filed a dispositive motion.  In due course, the court will issue a further scheduling order setting

13  dates for pretrial statements, pretrial conference, and jury trial.  However, before issuing the

14  scheduling order, the court will set a mandatory settlement conference in this case.  If available,

15  the court may order that plaintiff participate in the settlement conference by way of video-

16  conferencing.  Pursuant to Local Rule 270(b), the parties will be directed to inform the court in

17  writing as to whether they wish to proceed with the settlement conference before the undersigned

18  magistrate judge or if they wish to be referred to the court's mediation program for selection of

19  another Magistrate Judge to preside at the settlement conference.

20      Accordingly, IT IS HEREBY ORDERED that:

21      1. Defendants' motion to strike (Doc. No. 42) is denied;

22      2. Within thirty days of the date of service of this order, plaintiff shall file a notice of

23  change of address that reflects his current address at Mule Creek State Prison.  Failure to file a

24  notice of change of address in accordance with this order will result in a recommendation for

25  dismissal of this action;

26      3. Plaintiff's motion for an extension of time to conduct discovery (Doc. No. 44) is

27  denied;

28  /////

3

1    4.  Within thirty days of the date of service of this order, each party shall inform the court

2  in writing as to whether they wish to proceed with the settlement conference before the

3  undersigned magistrate judge or if they wish to be referred to the court's mediation program.  If

4  the parties wish to proceed before the undersigned magistrate judge, each party shall return to the

5  court the consent form for settlement conferences provided with this order.  If the

6  parties do not wish the undersigned magistrate judge to preside at the settlement conference, each

7  party shall file a declaration stating he wishes to be referred to the court's mediation program; and

8    5.  The Clerk of the Court is directed to send each party the consent form for settlement

9  conferences.

10  Dated:  April 21, 2014

11

12                                     _Dale A. Drozd_
                                    DALE A. DROZD
13  DAD:9                           UNITED STATES MAGISTRATE JUDGE
    long2548.add
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4